UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTY CROSS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15-CV-320-CEJ ) |
| THE CHILDREN'S PLACE RETAIL STORES, INC. and DAN CARR, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Missouri state court from which it was removed. The issues are fully briefed.

**I.   Background**

Plaintiff initiated this action in the St. Louis County Circuit Court on November 4, 2014, asserting claims of retaliatory discharge, in violation of the Missouri Workers Compensation Law, Mo. Rev. Stat. § 287.780, and intentional infliction of emotional distress. In support of his intentional infliction of emotional distress claim, plaintiff alleged that defendant "Dan Carr's termination of [p]laintiff's employment was . . . in violation of the . . . Americans with Disabilities Act and the Missouri Human Rights Act." [Doc. #6 at 6, ¶40]. The Children's Place, Inc. was served on November 24, 2014. Carr was served on December 2, 2014.

On February 10, 2015, plaintiff filed a first amended petition, which contained the same claims he asserted in the original petition and repeated the allegation that Carr violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* The amended petition also included a new state law claim of disability discrimination, in violation of the Missouri Human Rights Act (MHRA), Mo.

Rev. Stat. §§ 213.010, *et seq.*, against defendant The Children's Place. In addition, plaintiff alleged for the first time that he had filed a charge of discrimination against The Children's Place with the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC), from which he received a right-to-sue letter on December 5, 2014. Nowhere in the amended petition did plaintiff explicitly state that he was asserting an ADA claim against The Children's Place.

Defendants removed the action on February 19, 2015, invoking jurisdiction based on federal question. 28 U.S.C. § 1331. Defendants contend that the references to the ADA and the EEOC right-to-sue letter in the amended petition establish that plaintiff's claims arise under federal law.

In their notice of removal, defendants asserted that removal was timely sought within thirty days of service of the amended petition. On April 15, 2015, the Court ordered the parties to submit supplemental briefs addressing whether the timeliness of removal should be measured from the date on which the last defendant was served with either the original petition or the amended petition.

II. **Legal Standard**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Prods. Liability Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are

2

resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

## III. Discussion

"Federal question jurisdiction exists only when the plaintiff's well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) (quotation marks and citation omitted); *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Defendants' arguments in favor of removal implicate only the first basis for federal question jurisdiction: whether either the original or the amended petition alleged an ADA claim.[1]

But "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974), and *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id.* (citing *Hagans*, 415 U.S. at 537–38, and *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)). "Because this is a facial rather than a factual challenge to jurisdiction, [the court must] determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the plaintiff." *Id.*

---

[1] The parties do not argue that the outcome of a claim under the MHRA in this case necessarily depends on the resolution of some question of federal law, *i.e.*, the ADA. *See Merrell Dow*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

3

(citations omitted).² If a purportedly federal claim is "obviously doomed to fail, then . . . it is patently meritless." *Id.* at 908.

### a. Timeliness of Removal

After reviewing the original petition, the Court agrees with defendants that it did not state a non-meritless ADA claim. In the original petition plaintiff asserted that only Carr violated the ADA. However, the ADA permits suits against employers, not individual supervisors. *See Stevenson v. Best Buy Corp.*, No. 4:03-CV-01188-RWS, 2005 WL 3434770, at *3 (E.D. Mo. Dec. 14, 2005). Thus, even if the original petition were construed as asserting an ADA claim against Carr, that claim was "patently meritless" and remand would have been required. *Biscanin*, 407 F.3d at 907. Because the original petition contained, at most, a federal claim that was doomed to fail, the timeliness of removal is to be measured from the date of service of the amended petition. *See* 28 U.S.C. § 1446(b)(3). As such, defendants' removal was timely.

### b. Subject Matter Jurisdiction

Notwithstanding the timeliness of the removal, this case must be remanded because the amended petition suffers from the same jurisdictional defect as the original petition. The amended petition makes only two passing references to the ADA. First, in his introductory allegations plaintiff merely asserts that The Children's Place is subject to the ADA. Nowhere else in the amended petition does plaintiff mention the ADA with reference to The Children's Place, let alone explicitly assert that The Children's Place violated the ADA. Mere "references to federal

---

²Plaintiff's brief includes a series of e-mails that were not incorporated in or attached to either petition and which, as *Biscanin* instructs, the Court will not consider to determine what claims were asserted therein.

statutes" do not amount to asserting a federal claim. *Cycenas v. U.S. Bank, N.A.*, No. CIV. 05-2268-PAM-RLE, 2006 WL 145218, at *3 (D. Minn. Jan. 18, 2006) (citing *McNeill*, 171 F.3d at 564). Accordingly, the Court concludes that on its face the amended petition asserts only Missouri law-based anti-discrimination claims against The Children's Place. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

Second, the only other reference to the ADA in the amended petition is a recapitulation of the original petition's claim that Carr violated the ADA. As discussed above, an ADA claim against a supervisor is "patently meritless" and insufficient to confer subject matter jurisdiction. *Biscanin*, 407 F.3d at 907.

Finally, defendants contend that because plaintiff states in the amended petition that he filed a charge of discrimination with the MHRC and the EEOC and that he received a right-to-sue letter from the EEOC, it follows that he must be asserting a federal claim. The defendants are incorrect. The MHRC and the EEOC have a "worksharing agreement" with respect to handling administrative charges of discrimination. *See Gruben v. Famous-Barr Co.*, 823 F. Supp. 664, 667 (E.D. Mo. 1993). Under that agreement, a Missouri plaintiff may satisfy the requirement that he exhaust administrative remedies prior to filing suit in federal or state court by filing a charge of discrimination with either the MHRC or the EEOC, after which one or the other agency will respond. *Id.*

The amended petition refers to the EEOC in the context of plaintiff's explicit claim that The Children's Place violated the MHRA. It is apparent from the face of the amended petition that plaintiff is asserting claims based only on the MHRA. The

references to the EEOC merely demonstrate that he exhausted his administrative remedies. Notwithstanding plaintiff's references to a federal agency, the amended petition does not assert a federal cause of action.

IV. Conclusion

For the reasons discussed above, the Court finds that the defendants have not met their burden to establish subject matter jurisdiction. Therefore, remand is required. *Altimore*, 420 F.3d at 768.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2015.